## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

CHARLES TERRY and              :
ALICE TERRY,                  :
                                :    CIVIL ACTION NO.:1:05-cv-00923
              Plaintiffs,    :
                                  :
       v.                       :
                                  :
WALTON E. STONE and         :
WERNER ENTERPRISES, INC.,    :
                                :
            Defendants.    :

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Walton E. Stone and Werner Enterprises, Inc., by and through their attorneys, Rawle & Henderson LLP, respectfully answer plaintiffs' Complaint as follows:

1.     Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint, and therefore, said averments are denied.

2.     Admitted .

3.     Admitted in part; denied in part. Defendants admit only that defendant, Werner Enterprises, Inc., conducts business at 14507 Frontier Road, Omaha, Nebraska. The remaining averments contained in paragraph 3 of the Complaint are conclusions of conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. To the extent that an answer is required and not in derogation of the foregoing, defendants deny that Werner Enterprises, Inc. is a South Carolina corporation.

4.     Admitted in part; denied in part.  The averments contained in paragraph 4 of plaintiffs' Complaint are conclusions of law to which no responsive pleading is

required under the Rules of Civil Procedure and therefore same is denied. To the extent that an answer is required and not in derogation of the foregoing, defendants admit only that defendant, Walton Stone, was driving a tractor trailer owned by defendant, Werner Enterprises, Inc., which was involved in a motor vehicle accident. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 4 of the Complaint.

5(a)-(l).  Denied.  The averments contained in paragraph 5 of the Complaint, and its subparts (a)-(l), are conclusions of law to which no responsive pleading is required by the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants deny any negligence, and demand strict proof thereof at trial.

6.    Admitted in part; denied in part. The averments contained in paragraph 6 of the Complaint are conclusions of  conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. To the extent that an answer is required and not in derogation of the foregoing, defendants admit only that defendant, Walter Stone, was driving a tractor trailer owned by defendant, Werner Enterprises, Inc., while performing duties as an employee or agent of defendant, Werner Enterprises, Inc., with instructions to operate said tractor trailer using reasonable and due care and in compliance with all other applicable laws.

7.    Admitted in part; denied in part. The averments contained in paragraph 7 of the Complaint are conclusions of  conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. To the extent that an answer is required and not in derogation of the foregoing, defendants admit only that defendant, Walter Stone, was driving a tractor trailer owned by defendant, Werner

Enterprises, Inc., while performing duties as an employee or agent of defendant, Werner Enterprises, Inc., with instructions to operate said tractor trailer using reasonable and due care and in compliance with all other applicable laws.

8.     Denied. The averments contained in paragraph 8 of the Complaint are conclusions of conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied.

9.     Denied.  The averments contained in paragraph 9 of the Complaint are conclusions of conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants deny any negligence and demand strict proof thereof at trial. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in paragraph 9 of the Complaint, and therefore, said averments are denied.

10.     Denied.  The averments contained in paragraph 10 of the Complaint are conclusions of conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 10 of the Complaint, and therefore, said averments are denied.

11.     Denied.  The averments contained in paragraph 11 of the Complaint are conclusions of conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants are without sufficient information or knowledge to form a belief as to the truth

of the remaining averments contained in paragraph 11 of the Complaint, and therefore, said averments are denied.

12.     Denied.  The averments contained in paragraph 12 of the Complaint are conclusions of  conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in paragraph 12 of the Complaint, and therefore, said averments are denied.

13.     Denied.  The averments contained in paragraph 13 of the Complaint are conclusions of  conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in paragraph 13 of the Complaint, and therefore, said averments are denied.

14.     Denied.  The averments contained in paragraph 14 of the Complaint are conclusions of  conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same is denied. By way of further answer, defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in paragraph 14 of the Complaint, and therefore, said averments are denied.

WHEREFORE, defendants demand judgment in their favor and against the plaintiffs, together with costs, counsel fees and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

16.    Any alleged occurrence complained of by plaintiffs, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

### THIRD AFFIRMATIVE DEFENSE

17.    Defendants assert all defenses available to them pursuant to the terms of the Commonwealth of Pennsylvania's  Financial Responsibility Law or applicable No-Fault Statute.

### FOURTH AFFIRMATIVE DEFENSE

18.    Plaintiffs failed to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

19.    Plaintiffs' injuries and/or damages, if any, pre-existed or are unrelated to the accident described in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

20.    No conduct on the part of defendants caused or contributed to plaintiffs' alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

21.    Plaintiffs' claims are barred or should be reduced by the percentage of plaintiff's own contributory negligence and/or assumption of the risk.

## EIGHTH AFFIRMATIVE DEFENSE

22.     Plaintiffs' alleged accident and injuries were proximately caused, in whole or in part, by the fault of third parties for whom defendants are not legally responsible.

## NINTH AFFIRMATIVE DEFENSE

23.     Service of process was improper and/or insufficient.

WHEREFORE, defendants requests that plaintiffs' Complaint be dismissed with prejudice and that judgment be entered their favor and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate under the circumstances.

RAWLE & HENDERSON LLP

By:____/s/ D*elia A. Clark*_____
          Delia A. Clark (3337)
          300 Delaware Ave. – Suite 1015
          Wilmington, DE 19801
          (302)778-1200
          Attorneys for Defendants,
          Walton Stone and
          Werner Enterprises, Inc.

Dated: January 5, 2006.

## <u>CERTIFICATE OF SERVICE</u>

I, Delia Clark, certify that a true and correct copy of Defendants' Answer to Plaintiffs' Complaint was served via electronically ECF filing and first class mail on the person listed below:

Susan D. Ament, Esq.
Morris, James, Hitchens & Williams LLP
803 N Broom Street
PO Box 238
Wilmington, DE  19899

RAWLE & HENDERSON LLP

By:_____
        Delia Clark (3337)
        300 Delaware Ave.
        Suite 1015
        Wilmington, DE 19801

Dated: January 5, 2006.